## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

MAR 22 AH 8: 32

U.S. DIST...
N.D OF AL...

IN RE:  TERRY SCOTT LANGSTON,  }
                                }   Case No.: MC 03-P-1053-E

      Debtor-Appellant,      }

### MEMORANDUM OPINION

**ENTERED**

MAR 2 2004

### I.  INTRODUCTION

The debtor, Terry Scott Langston ("Mr. Langston"), has requested permission to appeal the

decision of United States Bankruptcy Judge for the Northern District of Alabama, The Honorable

James S. Sledge, transferring his case to the Middle District of Alabama.  Mr. Langston filed a

voluntary petition under Chapter 13 of the Bankruptcy Code on February 25, 2003.  (Doc. #1).[1]  On

March 10, 2003, the Bankruptcy Court ordered Mr. Langston to appear and show cause why the case

should not be transferred to the United States District Court for the Middle District of Alabama due

to improper venue.  (Doc. #2).  A hearing took place before Judge Sledge on March 25, 2003.  On

April 10, 2003, the Bankruptcy Court issued an order holding that the venue provisions of 28 U.S.C.

§ 1408 mandated that the proper venue of Mr. Langston's case is the Middle District of Alabama,

and therefore transferred the case.  (Doc. #4).  Mr. Langston filed a motion for leave to appeal in this

court on April 18, 2003.  (Doc. #9).

### II.  STANDARD

> On appeal the district court or bankruptcy appellate panel may affirm,
> modify, or reverse a bankruptcy judge's judgment, order, or decree or
> remand with instructions for further proceedings.  Findings of fact,
> whether based on oral or documentary evidence, shall not be set aside
> unless clearly erroneous, and due regard shall be given to the

---

[1]Unless otherwise specified, all references are made to the docket in Case No. 03-40703-JSS-
13.

opportunity of the bankruptcy court to judge the credibility of the
witnesses.

Fed. R. Bankr. P. 8013.  Questions of law are freely reviewable on appeal. *In re Multiponics, Inc.*,

622 F.2d 709, 713 (5th Cir. 1980).

## III.   DISCUSSION

The district court has jurisdiction to hear appeals from final judgments, orders, decrees, and

with leave of the district court, interlocutory orders entered by the bankruptcy court. 28 U.S.C. §

158(a).  Therefore, it must be determined (1) whether the Bankruptcy Court's order transferring

venue was final or interlocutory and (2) if interlocutory, whether this court should grant leave to

appeal the order.

An order is not final unless it "ends the litigation on the merits and leaves nothing for the

court to do but exercise the judgment." *Pitney Bowes, Inc. v Mestre*, 701 F.2d 1365, 1368 (11th Cir.

1983).   By contrast, an interlocutory order is any order other than a final order.  Because the

Bankruptcy Court's order did not terminate Mr. Langston's Chapter 13 petition nor did it have any

effect on the case at all other than transferring venue from the Northern District of Alabama to the

Middle District of Alabama, it is interlocutory and can be appealed only by leave of this court under

28 U.S.C. 158(a). *See* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal*

*Practice & Procedure*, § 3914.12. ("Orders transferring ... bankruptcy proceedings also are not

final.")  Although the order that Mr. Langston asks this court to review is interlocutory, the court

will agree to hear the appeal and decide the question presented.

A.     Issue on Appeal

The basis of Mr. Langston's appeal is his contention that the Bankruptcy Court erred when

it transferred his case *sua sponte* to the Middle District of Alabama.  Title 28 U.S.C. § 1408 governs

2

venue in bankruptcy cases and provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
>
>> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, or such person were located in any other district; or
>>
>> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

In his petition, Mr. Langston asserts that he is a resident of Wedowee, Alabama. [Tr. at 3.] Wedowee is in Randolph County. Randolph County is in the Middle District of Alabama. 28 U.S.C. § 81(b)(3). Therefore, on the face of Mr. Langston's Chapter 13 petition, venue in the Northern District of Alabama is improper.

B.     Authority of Bankruptcy Courts

It appears to the court that Mr. Langston argues that while the Bankruptcy Court has authority to transfer a case filed in an improper venue, it lacks the power to do so *sua sponte*. That argument is off the mark.

Title 28 U.S.C. § 157(a) states, "Each district court may provide that any or all cases under title 11 or arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Thus, a bankruptcy court may "hear and determine all cases under title 11 and all core proceedings arising under title 11 ... or arising in a case under title 11, referred [to it by the district court], and may enter appropriate orders and judgments ..." 28 U.S.C. § 157(b)(1).

3

The relevant transfer of venue statute in this case is 28 U.S.C. § 1406, which states in pertinent part:

Cure or waiver of defects.

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(b) Nothing in this chapter [28 U.S.C. §§ 1391, *et seq.*] shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

Section 1406 speaks only to "district courts," but by reference under 28 U.S.C. § 157, the bankruptcy courts may exercise the same authority over a matter such as this because transfer of venue constitutes a core proceeding arising in a title 11 case. *See In re Whilden*, 67 B.R. 40, 42 (Bankr. M.D. Fla. 1986); *In re Hillsborough Holdings Corp.*, 146 B.R. 1008, 1010 (Bankr. M.D. Fla. 1992); *In re Kerry Joe Henderson*, 197 B.R. 147, 153-54 (N.D. Ala. 1996); *In re Fred T. Campbell*, 242 B.R. 740, 744 (M.D. Fla. 1999).

C.      *Sua Sponte* Transfer

Federal Rule of Bankruptcy Procedure 1014(a)(2) states:

> Cases Filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

The Advisory Committee Note to Rule 1014 provides that the rule "also expressly requires a hearing on notice to the petitioner or petitioners before the transfer of any case may be ordered. Under this Rule, a motion by a party in interest is necessary. There is no provision for the court to act on its own initiative."

4

In light of this, the court must reconcile the Bankruptcy Court's power under 28 U.S.C. § 157(a) to transfer venue of a case with the language of Fed. R. Bankr. P. 1014(a)(2)'s Advisory Committee Note's language which suggest that a bankruptcy court is only permitted to transfer a case only upon motion by a party in interest.  The court finds Judge Sledge's opinion in *In re Henderson*, 197 B.R. 147 (N.D. Ala. 1996), to be well reasoned and instructive regarding this issue.

The facts in *In re Henderson* and the present case are substantially the same.  Like Mr. Langston, the debtors in *In re Henderson* resided in Randolph County, Alabama. *Id.* at 149.  The Bankruptcy Court had issued a "rule to show cause" why the case should not be transferred or dismissed for having been filed in the improper district. *Id.*  In the opinion, the Bankruptcy Court addressed the issue of whether it could transfer a case not raised on motion by a party in interest. The Bankruptcy Court noted that although the language of Rule 1014(a)(2) did not "expressly preclude the Court from transferring a case *sua sponte*, the advisory committee note to the rule ... supports the debtors' reading." *Id.*  ("There is no provision for the court to act on its own initiative.")

The Bankruptcy Court first considered the debtor's argument in conjunction with 11 U.S.C. § 105(a) which expressly provides:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Bankruptcy Court held that § 105(a) "effectively overrules cases which construed sections providing for the raising of an issue by a party in interest to prevent a court from raising the issue itself." *Id.* at 151.  However, the court  continued its analysis, reasoning that § 105(a) governs only construction of provisions in title 11, not Federal Rules of Bankruptcy Procedure, and therefore did not resolve the issue at hand.

The Bankruptcy Court stated it was obligated to read Rule 1014 "in a manner consistent with the statutory provisions governing change of venue." *Id.* The Bankruptcy Court held that if Rule 1014 "clearly contradict[ed] the statutes, the Court [would] not give effect to the rule." *Id.* at 155. To support its reasoning, the Bankruptcy Court stated:

> The Supreme Court has the power to 'prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge, modify, or enlarge any substantive right.'

*Id.* at 154-55 (quoting 20 U.S.C. § 2075). As the legislative history to § 2075 states, "[t]o the extent that a rule is inconsistent, the statute will govern." *Id.* at 155 (citations omitted).

The Bankruptcy Court then cited extensive authority for the district courts to utilize 28 U.S.C. § 1406(a) in transferring, *sua sponte*, a case filed in an improper venue. *See In re Henderson*, 197 B.R. at 155-56. The Bankruptcy Court noted that the debtors had not advanced any argument explaining why title 11 cases should be treated any differently than non-bankruptcy cases under § 1406 and concluded that the district courts and, by reference pursuant to § 157(a), the bankruptcy courts "may transfer a case filed in improper venue sua sponte under 28 U.S.C. § 1406(a)." *Id.* at 156.

This is not a case where the Bankruptcy Court transferred the case without holding a hearing and permitting all interested parties - including Plaintiff - an opportunity to be heard. Similarly, this is not a case where the Bankruptcy Court transferred the case even though there had been a waiver of an improper venue defense by other parties. Finally, it may well be that the location of Mr. Langston's residence is closest to the court in the Northern District, making it easier for him to travel there for hearings as compared to the Middle District. However, the court is not persuaded that such a factor is a sufficient basis to allow him to bypass the requirements of 28 U.S.C. § 1408.

## IV.    CONCLUSION

For the reasons stated above, this court concludes that proper venue for Mr. Langston's Chapter 13 petition rests in the Middle District of Alabama and the Bankruptcy Court did not err when, after giving notice to the debtor and an opportunity for him to be heard, transferred the case to the Middle District of Alabama.  Accordingly, the decision of the Bankruptcy Court will be affirmed by separate order.

**DONE** and **ORDERED** this ___19th___ day of March, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE